## George E. Dobson, Appellee, v. Judson Harmon, Receiver, Appellant.

VERDICTS—*when set aside.* A verdict will be set aside on review
where the same is clearly and manifestly against the weight of the evi-
dence.

Action in case. Appeal from the Circuit Court of Piatt county; the
Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the
May term, 1909. Reversed. Opinion filed May 28, 1910.

C. F. MANSFIELD, for appellant; F. M. SHONKWILER,
of counsel.

McMILLEN & McMILLEN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by appellee against appellant to recover for loss by fire alleged to have been started by an engine of the C. H. & D. Railway Co. in the field upon the farm occupied by appellee. The property destroyed was clover seed, stubble and growing clover.

The first count of the declaration in this case charged negligently permitting dry grass, etc., and weeds to remain upon the right of way. The second count charged that the locomotives and engines of the defendant passing along the farm of appellee were not equipped with the best and most approved appliances to prevent the escape of fire and that sparks and fire brands escaped therefrom and were thrown upon the farm and started fire upon the close of plaintiff.

The trial of the cause in the lower court resulted in judgment against appellant for $290 from which he prosecutes this appeal.

The fact is disclosed by this record are that on the day of the fire, which occurred about two o'clock in the afternoon, appellee was at work around his barn-yard building a corn crib; working with him was his farm hand Sutton and a carpenter by the name of Shanklin.

The farm upon which appellee lived belonged to his father and consisted of 160 acres; the right of way of the C. H. & D. Railroad passed over this 160 acres along the south side.

The fire started in the southeast corner of the farm; the house near which appellee was at the time he noticed the fire was upon the west eighty. When the fire was first noticed by appellee it had burned over one forty and when he noticed it there was a great cloud of smoke and the fire burning quite fiercely; after he noticed the fire appellee says he then noticed that a train had just passed the farm but that he did not notice it until after he had discovered the fire. He called the attention of the carpenter and his foreman Sutton to the fire and they started to the field to put it out. Neither Sutton, his foreman, nor Shanklin, the carpenter, had

noticed any train passing and did not notice one at that time.

The record does not disclose that any fire was thrown from the engine or trains of appellant which passed along this farm; it does not show that any of the engines were out of repair; in fact there is no evidence upon this point to support the allegation of the second count of his declaration. The evidence does not disclose that the fire started upon the right of way of appellant company, and the only reasonable inference to be drawn from the testimony is that it did not originate on the right of way. The evidence of appellee is that when he discovered the fire it had burned nearly across the first forty. The evidence of other witnesses is that it did not burn on the right of way until after appellee and others had gone there to put it out.

The only evidence to support the verdict in this case is that appellant owns a right of way across the farm upon which appellee lived and that a short time after appellee discovered the fire, he noticed the train passing. There is no evidence in the record of any fire escaping from the engine of appellant, and the testimony of the defendant's witnesses, the engineer and fireman, is that the fire was burning in this field when they first approached the field; and while it is not necessary that positive proof of the escape of fire from the engine would be necessary before a recovery might be had, the proof in this case does not show the existence of such circumstances as would have warranted the jury in finding that the fire was started in the manner claimed by appellee.

The finding of the jury in this case is not warranted by the evidence and it must be set aside. The judgment of the lower court is reversed and the clerk will incorporate in the judgment the finding of fact that the defendant is not guilty of the negligence charged in the declaration.

*Reversed.*